PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JERDINE, | ) | |
| | ) | CASE NO. 4:11CV00391 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION., *et al*., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 26, 28, 29, |
| Defendants. | ) | and 30] |

Several matters are pending before the Court.  A motion to dismiss, ECF No. 26, has been filed by the Cuyahoga County Sheriff's Department, the Cuyahoga County Prosecutor's Office, Ed Roman, and Daniel Kasaris (collectively "State Defendants").  A second motion to dismiss, ECF No. 29, has been filed by Stacy Gwin, Donna Cambiero, Michael Murphy, and Mark Bennett, in their individual capacities (collectively "Individual Federal Defendants").  A third motion to dismiss, ECF No. 28, has been filed by the United States of America, the Federal Bureau of Investigation, the United States Marshal Service, the United States Attorney for the Northern District of Ohio, and the Individual Federal Defendants in their official capacities (collectively "the Federal Government"). Finally, Plaintiff Anthony Jerdine has filed a motion for summary judgment.  ECF No. 30.  The Court has reviewed the pleadings, the briefs, and the governing legal principles.  For the reasons provided, the Court grants the above motions to dismiss, and denies Plaintiff's motion for summary judgment.

(4:11CV00391)

# I. Facts

## A. Complaint

Plaintiff is a *pro se* litigant who is presently incarcerated at FCI Petersburg in Virginia.  On February 23, 2011, while incarcerated at a different facility, he filed the present Complaint, which alleges the following facts.  *See* ECF No. 1 at 2-3.  Roman is an employee of the Cuyahoga County Sheriff's Department ("CCSD").  Kasaris is an employee of the Cuyahoga County Prosecutor's Office ("CCPO").  Gwin and Cambiero are employees of the Federal Bureau of Investigation ("FBI").  Murphy is an employee of the United States Marshal Service ("USMS").  Bennett is an employee of the United States Attorney's Office for the Northern District of Ohio ("USAO").

Plaintiff alleges in the Complaint that the defendants conspired with each other to violate his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and to violate federal statutes, specifically, Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. §§ 1961 and 1964, and Obstruction of Justice, 18 U.S.C. §§ 1503 and 1511.  ECF No. 1 at 4.  In the Complaint, Plaintiff objects to the search and seizure of his property pursuant to a criminal investigation, his prosecution, and his incarceration.  Plaintiff claims that he was indicted in the Cuyahoga County Court of Common Pleas on November 6, 2007, and, on the same day, the CCSD, Roman, and Kasaris seized "his property, evidence, documents, and computers . . . ."  ECF No. 1 at 5.  Plaintiff alleges that "[t]he defendants executed a defective search warrant in violation of [his] fourth amendment rights."  ECF No. 1 at 5.  "[S]hortly thereafter," according to the Complaint, the property was "exchanged" with the FBI, Gwin, Cambiero, the USAO, and Bennett, in violation of Plaintiff's Fifth Amendment rights.  ECF No. 1 at 5.  Plaintiff further avers that on December 19, 2007, the

2

(4:11CV00391)

USMS, the CCSD, and Murphy seized "additional property" without a search warrant, an inventory return sheet, or his consent, all in violation of his Fourth Amendment rights.  ECF No. 1 at 5. Plaintiff claims that "shortly thereafter" some of the property "disappeared from the unlawful seizure, and the property was assumed by the FBI, Gwin, Cambiero, [the USAO] and Bennett" without judicial authority, a chain of custody receipt, or his consent, "all in violation of [Plaintiff's] first, fourth, fifth, sixth and fourteenth amendment rights."  ECF No. 1 at 5.  Plaintiff avers that the criminal proceedings was dismissed on March 21, 2008, after he "repeatedly requested a Franks hearing, suppression hearing and the return of [his] property . . . ."  ECF No. 1 at 4.

According to the Complaint, Plaintiff was indicted again in the Cuyahoga County Court of Common Pleas on October 22, 2008.  ECF No. 1 at 5.  Plaintiff alleges that after he posted bail, the CCPO and Kasarsis "dismissed the case without prejudice on December 2, 2008 all in violation of [Plaintiff's] fourth, fifth, sixth, and fourteenth amendment rights."  ECF No. 1 at 5.

Plaintiff next avers that on November, 19, 2008, he was indicted in the United States District Court for the Northern District of Ohio.  ECF No. 1 at 6. After he was arraigned and he pleaded not guilty, Plaintiff was transferred to the Northeast Ohio Correctional Center ("NEOCC"), where he was incarcerated at the time he filed this Complaint.  ECF No. 1 at 6.  Plaintiff claims that he requested the return of his property because it contains material evidence necessary for his defense and substantial exculpatory evidence, the absence of which will impair his defense.  ECF No. 1 at 6.  The Complaint asserts that Plaintiff's "anxiety and concern, coupled with the oppressive incarceration for well over twenty-seven (27) months has prejudiced [Plaintiff] from receiving a fair, speedy, public and impartial trial."  ECF No. 1 at 6.  Notwithstanding his request, "the defendants

3

(4:11CV00391)

have not renounced the conspiracy, have not returned the property to [Plaintiff], and subsequently have caused actual, compensatory, and punitive damages to [Plaintiff], all in violation of [his] First, Fourth, Fifth, Sixth and Fourteenth Amendment rights."  ECF No. 1 at 6.

Based on the foregoing, Plaintiff seeks damages in the amount of $52 million.  ECF No. 1 at 7.  Attached to the Complaint are, among other documents, a copy of Plaintiff's administrative claim against the FBI pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680, and the FBI's denial of the claim.  ECF Nos. 1 at 6; 1-2 at 2- 4.

**B. Procedural History**

State Defendants, Individual Federal Defendants, and the Federal Government move the Court to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF Nos. 26, 28, and 29.  In place of traditional responsive pleadings, Plaintiff filed a motion for summary judgment in which he argues that his Complaint is not subject to dismissal under the FTCA's two-year limitations period.  ECF Nos. 30 and 30-1.  Read pragmatically, Plaintiff's "motion" is not one for summary judgment, but, rather, is a response to the Federal Governmental's jurisdictional ground for dismissal.  *See* ECF No. 28-1 at  6-10.  The Court will consider the motion as a response to the Federal Government's motion to dismiss.  By extension, the Federal Government's "opposition" to Plaintiff's motion, ECF No. 33-1, shall be deemed a reply.  The time for Plaintiff to file other responsive briefs has passed.  S*ee* L.R. 7.1(d).  Plaintiff's right, therefore, to file such briefs is deemed waived.

(4:11CV00391)

## II. <u>Legal Standard</u>

"'[T]he very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) (*quoting Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," but, where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" the complaint will not survive a Rule 12(b)(6) motion. *Id.* at 679.

"In reviewing a dismissal under Rule 12(b)(6), all allegations in the complaint should be taken as true, and the complaint is to be construed liberally in favor of the party opposing the motion to dismiss." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is [however] inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678. The pleading standard of Rule 8 does not require detailed factual allegations but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id*.

5

(4:11CV00391)

The Court is also mindful that "*pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012).

### III. Discussion

**A. State Defendants' Motion to Dismiss (ECF No. 26)**

State Defendants assert that the Complaint should be dismissed for the following reasons: (1) the Complaint fails to state any claims upon which relief can be granted, ECF No. 26 at 3; (2) Plaintiff's claims fail as a matter of law because Plaintiff alleges that he was indicted in State court, and, therefore, there can be no claim that State Defendants unlawfully searched and seized his property or unlawfully detained him in violation of his constitutional rights, ECF No. 26 at 7; (3) Plaintiff's claims are precluded by the *Heck* doctrine, ECF No. 26 at 7-8; (4) Plaintiff's claims are time-barred; ECF No. 26 at 8; and (5) any claims against State Defendants in their official capacity are barred by the Eleventh Amendment; ECF No. 26 at 9.

Plaintiff's causes of action against State Defendants are based on the allegations that the November 6, 2007 seizure of property was effectuated with a "defective" search warrant; that the property was "shortly thereafter" "exchanged" with the FBI and the USAO in violation of his Fifth Amendment rights; that the December 19, 2007 seizure of property, which was performed with the participation of the CCSD, was conducted without a search warrant, an inventory return sheet, or his consent; and that some of his property "shortly thereafter" "disappeared." Plaintiff additionally alleges that State Defendants were part of a conspiracy to violate his constitutional rights and federal law, and that his October 22, 2008 indictment in State court, and the subsequent dismissal of the

6

(4:11CV00391)

case, were "all in violation of [his] fourth, fifth, sixth and fourteenth amendment rights."

**1.**

Plaintiff's constitutional claims appear to be brought under the auspices of 42 U.S.C. § 1983.[1]

To prevail under that statute, a plaintiff must prove "(1) the deprivation of a right secured by the

Constitution or laws of the United States (2) caused by a person acting under the color of state law."

*Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

In Ohio, complaints alleging a violation of § 1983 must be filed within two years of the date

on which the claim accrued. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). In

determining when a cause of action accrues in § 1983 cases, the Sixth Circuit looks to the event that

should have alerted the typical lay person to protect his or her rights. *Cooey v. Strickland*, 479 F.3d

412, 416 (6th Cir. 2007). Courts "must therefore look at when the harm in question occurred, guided

by the principle that '[a] plaintiff has reason to know of his injury when he should have discovered

it through the exercise of reasonable diligence.'" *Id.* (*quoting Sevier v. Turner*, 742 F.2d 262, 273

(6th Cir. 1984)). According to the Complaint, the conduct giving rise to Plaintiff's claims allegedly

occurred on or around November 6, 2007, and December 19, 2007. Furthermore, Plaintiff alleges

that on March 21, 2008, his State criminal case was dismissed after he "repeatedly requested a

Franks hearing, suppression hearing and the return of [his] property . . . ." The Complaint therefore

---

[1] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

7

(4:11CV00391)

shows that he had reason to know of the alleged constitutional injuries prior to the dismissal of the State court indictment on March 21, 2008.  Because the Complaint was filed on February 23, 2011, nearly three years after the March 2008 dismissal, Plaintiff's § 1983 claims against State Defendants are dismissed as untimely.

In addition to being untimely, Plaintiffs claims against the State Defendants are subject to dismissal for other reasons, as explained below.

**2.**

After Plaintiff initiated this lawsuit, he pleaded guilty to the federal criminal charges levied against him.  The Court takes judicial notice that in *United States v. Jerdine*, Case No. 1:08CR00481 in the Norther District of Ohio, Plaintiff, on February 8, 2012, pleaded guilty to thirteen counts encompassing the offenses of Conspiracy to Defraud the United States, Bank Fraud, and Money Laundering.  *See* ECF Nos. 467 and 530 in Case No. 1:08CR00481.  The district court sentenced Plaintiff to 100 months of incarceration.  ECF No. 530 in Case No. 1:08CR00481.  Thereafter, the Sixth Circuit affirmed the district court's judgment and rejected Plaintiff's claim that his right to a speedy trial had been violated.  *United States v. Jerdine*, 551 Fed. Appx. 391 (6th Cir. 2013).

As articulated by the United States Supreme Court, the *Heck* doctrine provides that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

8

(4:11CV00391)

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  Although

Plaintiff's allegations pertaining to the unlawful search warrants and State Defendants' custody over

his property do not necessarily imply that his imprisonment is unlawful; *see id.* at 487 n.7; in order

for a plaintiff to lodge a viable § 1983 claim he must assert, in accordance with *Heck*, an actual,

compensable injury that "does *not* encompass the 'injury' of being convicted and imprisoned (until

his conviction is overturned)."  *Id.* (emphasis in original).  The injury alleged in the Complaint

appears to be the "oppressive incarceration" of Plaintiff and the denial to him of a fair trial as a result

of the improper search and seizure of property and evidence, and the failure to return "exculpatory"

evidence back to him.  Because Plaintiff pleaded guilty, and his conviction was affirmed on appeal,

his § 1983 claims must fail.

**3.**

 To the extent that Plaintiff alleges that he was unlawfully arrested, detained, or prosecuted

by State Defendants, his claim must be dismissed because he was twice indicted in State court.  The

United States Supreme Court has held that "an indictment, 'fair upon its face,' and returned by a

'properly constituted grand jury,' conclusively determines the existence of probable cause and

requires the issuance of an arrest warrant without further inquiry."  *Gerstein v. Pugh*, 420 U.S. 103,

117 n.19, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975).  There is no allegation that the indictments were

unfair or that the grand juries were not properly constituted.

**4.**

In addition, the Complaint fails to state a conspiracy claim against State Defendants.  The

Sixth Circuit has articulated the standard governing a § 1983 conspiracy claim as follows:

(4:11CV00391)

> A civil conspiracy is an agreement between two or more persons to injure another by
> unlawful action.  Express agreement among all the conspirators is not necessary to
> find the existence of a civil conspiracy.  Each conspirator need not have known all
> of the details of the illegal plan or all of the participants involved.  All that must be
> shown is that there was a single plan, that the alleged coconspirator shared in the
> general conspiratorial objective, and that an overt act was committed in furtherance
> of the conspiracy that caused injury to the complainant.

*Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 563 (6th Cir. 2011) (*quoting*

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)).  Moreover, "conspiracy claims must be pled

with some degree of specificity and . . . vague and conclusory allegations unsupported by material

facts will not be sufficient to state such a claim under § 1983."  *Id.* (quotations omitted).

Even when construed liberally in favor of Plaintiff, the Complaint does not contain sufficient

facts establishing the existence of a conspiracy.  Plaintiff does not adequately plead the existence of

an agreement or acts in furtherance of an agreement.  The conspiracy allegation  is Plaintiff's lone

allegation that State Defendants conspired with others to violate his constitutional rights.  Although

the Court does not hold the Complaint to the standard of one prepared by an attorney, this naked,

unsupported, and conclusory claim does not pass muster.  "[A] bare assertion of conspiracy will not

suffice."  *Twombly*, 550 U.S. at 556.  The conspiracy claim, therefore, cannot survive a motion to

dismiss.

**5.**

Also subject to dismissal is Plaintiff's claim that he was indicted for a second time on October

22, 2008, in State court, and that after he posted bail, the CCPO and Karsaris "dismissed the case

without prejudice on December 2, 2008 all in violation of [his] fourth, fifth sixth and fourteenth

amendment rights."  As with the conspiracy claim, Plaintiff has not pleaded sufficient facts to support

10

(4:11CV00391)

the claim that his constitutional rights were violated.  That his criminal case was dismissed after he

was indicted and he posted bail does not, alone, give rise to an actionable claim.

**6.**

Finally, any causes of action against State Defendants in their official capacities[2] must also

be dismissed.  Claims for monetary relief in federal court against county prosecutors and sheriffs in

their official capacities is deemed to be a suit against the State and therefore barred by the Eleventh

Amendment.  *Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003); *Smeal ex rel. Smeal v.

Alexander*, 2006 WL 3469637 at *8, Case No. 5:06CV2109 (N.D. Ohio November 30, 2006).

Based on the foregoing, the Court grants State Defendants' motion to dismiss.

**B. Individual Federal Defendants' Motion to Dismiss (ECF No. 29)**

In their motion to dismiss, the Individual Federal Defendants argue that Plaintiffs' claims (1)

are barred by the applicable statute of limitations, ECF No. 29-1 at 2; (2) are defeated by the *Heck*

doctrine, ECF No. 29-1 at 4; (3) are inadequately stated, ECF No. 29-1 at 6-9; and (4) must be

dismissed on the ground of absolute immunity insofar as they pertain to Bennett, an Assistant United

States Attorney, ECF No. 29-1 at 14.[3]

---

[2] Although the Complaint states that Plaintiff is suing the individual defendants in their personal capacities, out of an abundance of caution, the Court also construes the Complaint as if it is intended to bring suit against those individuals in their official capacities.

[3] In the event any of Plaintiff's claims survive the foregoing grounds for dismissal, Individual Federal Defendants move the Court to convert their motion to a motion for summary and consider evidence in the form of exhibits purporting to show that they did not violate Plaintiff's constitutional rights.  *See* ECF No. 29-1 at 9-14.  The Court finds this conversion unnecessary.

11

(4:11CV00391)

Against the Individual Federal Defendants, Plaintiff alleges that, shortly after the November 6, 2007 seizure of property by State Defendants, the property was "exchanged" with Gwin, Cambiero, and Bennett in violation of Plaintiff's Fifth Amendment rights; that on December 19, 2007, Murphy and others seized Plaintiff's property without a search warrant, an inventory return sheet, or Plaintiff's consent; that shortly after that date some of the property "disappeared" and  Gwin, Cambiero, and Bennett "assumed" the property without judicial authority, a chain of custody receipt, or Plaintiff's consent; and that the refusal to return Plaintiff's property, which contains "exculpatory evidence," is "fatal" to Plaintiff's defense and "has prejudiced Jerdine from receiving a fair, speedy, public and impartial trial."   Plaintiff also alleges that Individual Federal Defendants were involved in a conspiracy to violate his constitutional rights and federal law.

**1.**

Plaintiff appears to assert a *Bivens* action against Individual Federal Defendants.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the United States Supreme Court recognized the existence of an implied right of action against federal agents in their individual capacities for certain constitutional violations.  *Bivens* actions have been described as "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983."  *Iqbal*, 556 U.S. at 675-76.  In Ohio, a cause of action under *Bivens* is governed by the same two-year statute of limitations as that which governs § 1983 actions. *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir. 1994), *abrogated on other grounds by Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008); *see McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987), *cert. denied*, 485 U.S. 934, 108 S. Ct. 1107, 99 L. Ed. 2d 269 (1988).

12

(4:11CV00391)

And, as in § 1983 actions, the statute of limitations for *Bivens* claims begins to run when the plaintiff "knew or should have known of the injury which is the basis of his *Bivens* claim." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

Plaintiff's *Bivens* claims are untimely. The conduct from which his claims arise are alleged to have occurred on or around November 6, 2007, and December 19, 2007. Furthermore, the Complaint shows that Plaintiff knew or had reason to know of his constitutional injuries before March 21, 2008, the date of the dismissal of his first State indictment. Because the Complaint was filed on February 23, 2011, nearly three years after Plaintiff knew or had reason to know of his constitutional injuries, Plaintiff's claims are barred by the two-year statute of limitations.[4]

**2.**

Even if Plaintiff's *Bivens* claims were timely, they are barred by *Heck*. The injury alleged in the Complaint appears to be the "oppressive incarceration" of Plaintiff and the denial to him of a fair trial as a result of the improper search and seizure of property and evidence, and the failure to return "exculpatory" evidence back to him. Because, as has been shown, Plaintiff pleaded guilty to the charges for which he was imprisoned, and because his conviction was upheld on appeal, his claims must be dismissed. *See Heck*, 512 U.S. at 487 n.7 (in order for plaintiff to assert viable § 1983 claim he must assert an actual, compensable injury that "does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction is overturned) [emphasis in original])."

---

[4] Plaintiff does not argue that his *Bivens* or § 1983 claims are timely. Plaintiff comes close to conceding that his claims are untimely by, as addressed later in this opinion, presenting a new claim with a six-year statute of limitations.

(4:11CV00391)

**3.**

Finally, Plaintiff's allegation that the Individual Federal Defendants took part in a conspiracy with the State Defendants must also be dismissed. Plaintiff's conspiracy claim against Individual Federal Defendants is dismissed as inadequately pleaded, as explained above.

Based on the foregoing, the Court grants Individual Federal Defendants' motion to dismiss.

**C. The Federal Government's Motion to Dismiss (ECF No. 28)**

The Federal Government argues that *Bivens* claims cannot be brought against the United States, its agencies, or its employees in their official capacities, and, therefore, they must be dismissed. ECF No. 28-1 at 5. To the extent that Plaintiff's claims are asserted under the FTCA, the Federal Government argues, they must also be dismissed for lack of subject matter jurisdiction, because Plaintiff failed to comply with the FTCA's jurisdictional requirement that an administrative claim be filed within two years of the date of accrual. ECF No. 28-1 at 8. Furthermore, the Federal Government contends that even if Plaintiff's administrative claim has been timely filed, the United States has not waived sovereign immunity for claims arising from seizure of property by law enforcement entities. ECF No. 28-1 at 10.

In the only response filed by Plaintiff, he asserts for the first time "that his claim is NOT brought under the FTCA, but . . . under the general equitable jurisdiction of the federal courts, and, thus, [is] subject to the six-year limitation of actions found in 28 U.S.C. section 2401(a)." ECF No. 30-1 at 1. Plaintiff claims that the six-year time limitation "applies to the bringing of a Fed. R. Crim.

14

(4:11CV00391)

P. 41[g]<sup>5</sup> motion," that his cause of action is in fact a "Rule 41[g] motion[] for Return of Property," and that "government defendants have NOT returned all of [his] seized items and they no longer have a legal right to keep the items as evidence . . . ."  ECF No. 30-1 at 2.  Plaintiff does not contest the other defenses raised by the Federal Government.

### 1.

The United States Supreme Court has not extended *Bivens* liability beyond individual federal officers in their personal capacity to the United States or its agencies.   "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," not their employing agencies. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69-70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (noting that in prior case "we unanimously declined an invitation to extend *Bivens* to permit suit against a federal agency").   "An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).  Therefore, to the extent that Plaintiff asserts an implied right of action under *Bivens* against the Federal Government, it must be dismissed.

### 2.

To the extent that Plaintiff's claims against the Federal Government are brought under the FTCA, they must be in compliance with the strict requirements of the act.  "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to

---

⁵ Plaintiff identifies his "motion" as being brought under Rule 41(e), which governs the issuance of warrants.  The Court concludes that Plaintiff must be referring to Rule 41(g), which is entitled "Motion to Return Property."

(4:11CV00391)

be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990) (quotations omitted). The FTCA, in 28 U.S.C. § 2679(b)(1), provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

Because the FTCA is a waiver of sovereign immunity, it must be strictly construed; moreover, the timely filing of an administrative claim is a jurisdictional prerequisite to suit pursuant to the FTCA. *Cascone v. United States*, 370 F.3d 95, 103 (1st Cir. 2004). 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The Sixth Circuit has clarified that *both* time limitations set forth in § 2401(b) must be satisfied in order to avoid dismissal of the suit. *Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008). Under that section, "the 'general rule' is that 'a tort claim accrues at the time of the plaintiff's injury[.]'" *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir.) (*citing United States v. Kubrick*, 444 U.S. 111, 120, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)), *cert. denied*, 558 U.S. 1047, 130 S. Ct. 736, 175 L. Ed. 2d 514 (2009).

16

(4:11CV00391)

The exhibits[6] attached to the Complaint disclose that Plaintiff filed an administrative claim with the FBI but not the other federal agencies named in this action.  ECF No. 1-2 at 4.  Moreover, while the present action, filed on February 23, 2011, was filed within six months of the date in which the FBI denied Plaintiff's administrative claim on January 24, 2011; *see* ECF No. 1-2 at 2; it fails to satisfy the requirement that the administrative claim be filed within two years after the accrual of the relevant claims.  Under the facts of the Complaint, Plaintiff's claimed injuries occurred on or around November 6, 2007, and December 19, 2007.  Plaintiff's administrative claim was not filed, however, until more than two years later on August 1, 2010.[7]  ECF No. 1-2 at 4.  Therefore, Plaintiff's claims do not comply with the FTCA's time requirements and must be dismissed for lack of subject matter jurisdiction.

**3.**

Even if Plaintiff's claim that evidence and property have not been returned to him were timely, it must still be dismissed because the United States has generally not waived sovereign immunity for claims arising out of the detention of property by law enforcement entities.  As recognized by the United States Supreme Court, the FTCA does not waive sovereign immunity with respect to "'[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other

---

[6] "The exhibits attached to the complaint are considered part of the complaint for purposes of a motion to dismiss." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 n.7 (6th Cir. 2009); *see Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

[7] Plaintiff's claims would still be untimely even if they had they not accrued until March 21, 2008, the date when the first State court indictment was dismissed.

(4:11CV00391)

property by any officer of customs or excise or any other law enforcement officer.'" *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008) (*quoting* 28 U.S.C. § 2680(c)); *see Motors Ins. Corp. v. United States*, 2011 WL 4506103 at *5, No. 11-10875 (E.D. Mich. September 27, 2011) (under "detention-of-goods" exception, FTCA does not permit liability for damage to property detained by law enforcement officers); *Storm v. Bureau of Prisons*, 2009 WL 1163123 at *3, No. 4:08CV1690 (N.D. Ohio April 29, 2009) (§ 2680(c) is exception to waiver of sovereign immunity "so a prison inmate could not recover under the FTCA for the loss of his property").

As set forth in 28 U.S.C. § 2680(c)(1)-(4), the FTCA only waives sovereign immunity for a claim based on injury to property in the possession of a law enforcement officer when the property "was seized for the purpose of forfeiture"; the interest of the plaintiff was not forfeited, remitted, or mitigated; and the plaintiff was not convicted of a crime for which the interest of the plaintiff in the property was subject to forfeiture.  In his response, Plaintiff confirms that "there has been no forfeiture action brought against property that has been seized in conjunction with criminal proceedings . . . ."  ECF No. 30-1 at 2; *see* Case No. 1:08CR00481 in the Northern District of Ohio (docket shows no forfeiture action taken against Plaintiff in his criminal proceeding).  Therefore, any injury to property claim brought by Plaintiff under the FTCA must be dismissed.

**3.**

For the first time, in his response to the Federal Government's motion to dismiss, Plaintiff claims that his claims were not brought under the FTCA but under Fed. R. Crim. P. 41(g), which provides in relevant part that "[a] person aggrieved by an unlawful search and seizure of property

18

(4:11CV00391)

or by the deprivation of property may move for the property's return."

"A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d. Cir. 2006). "That rule provides criminal defendants with a means to seek the return of property seized by federal agents." *United States v. Droganes*, ___ F.3d ___ (6th Cir. 2013). "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated. . . . Under Rule 41, [a] district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (citation omitted; quotations omitted). A person seeking return of property must show that he or she is lawfully entitled to possess it. *Id.* at 932-33.

Plaintiff's new assertion that his claims are brought under Rule 41, not the FTCA, is not well-taken. The Complaint does not seek the return of his property. Rather, it clearly seeks $52 million in compensatory and punitive damages. Furthermore, the Complaint explicitly asserts that "[t]his claim is submitted under the Federal Tort Claims Act, Title 28 U.S.C. § 2680." ECF No. 1 at 6. Nowhere in the Complaint does Plaintiff state that he is presenting a Rule 41 motion. Indeed, Plaintiff's Rule 41 motion would not have been ripe at the time he filed the Complaint, because his criminal case had not yet been resolved. *See* Case No. 1:08CR00481 in the Northern District of Ohio (docket). The Court will not accept this after-the-fact modification to the Complaint.

19

(4:11CV00391)

### IV. Conclusion

Based on the foregoing, the Court grants the motions to dismiss docketed at ECF Nos.26, 29, and 28. Plaintiff's motion for summary judgment docketed at ECF No. 30 is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  September 13, 2013                        */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                         United States District Judge